Kirby & wife *v.* Coles.

KIRBY and wife v. COLES, surviving executor, &c.

Though the act of the legislature, *Rev. Laws*, 787, sec. 33, limits the right of prosecuting a writ of certiorari to the period of ninety days after the making of the final decree in the Orphans' Court, yet this court will grant a rule, that the writ be continued, and time given to obtain and perfect a proper return thereto, in a case where no term of the Orphans' Court intervenes between the allowance and the réturn of the writ.

This was a certiorari directed to the Orphans' Court of the county of Gloucester. *A. L. Eakin* for the plaintiffs, stated that the writ of certiorari in this case, had been allowed on the 23d of December, 1834, and was returnable to this term; but that no term of the Orphans' Court had intervened between the allowance and return of the writ; and consequently that no proper return had been or could be made to the certiorari to this term. He therefore prayed a rule on the Orphans' Court of Gloucester county, to make a proper return to the said writ, to the next term of this court.

PER CURIAM. Take the rule. The necessity of this course results from the provisions of the act of assembly limiting the right of prosecuting a writ of certiorari to the period of ninety days after the making of a final decree in the Orphans' Court, *Rev. Laws*, 787, *sec.* 33, in consequence of which, it frequently happens, that the certiorari must be returnable here, before it can be presented to the Orphans' Court, and be responded to by that court. It is reasonable in such cases that the writ should be continued and time given to obtain and perfect a proper return thereto, by a rule of this court.